IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTOPHER BRIAN COLBERT, | § | |
| TDCJ No. 2245499, | § | |
| | § | |
| Petitioner, | § | |
| | § | No. 3:25-cv-649-K-BN |
| V. | § | |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Christopher Brian Colbert, a Texas prisoner, submitted a *pro se* petition for

writ of habeas corpus under 28 U.S.C. § 2254 in the Southern District of Texas

relating to his Dallas County convictions. *See* Dkt. No. 1. The Southern District of

Texas transferred the case to this district. *See* Dkt. No. 5. And United States District

Judge Ed Kinkeade referred Colbert's petition to the undersigned United States

magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing

order of reference.

The Court entered a notice of deficiency and order that Colbert did not file his

pleadings on the appropriate form and attached the form required in this Court. *See*

Dkt. No. 9. And, on April 22, 2025, Colbert filed an amended petition on the form

provided challenging his Dallas County convictions. *See* Dkt. No. 13.

Two days later, Colbert filed a second petition for writ of habeas corpus in this

case challenging disciplinary proceedings at TDCJ's Wainwright Unit where he is

currently incarcerated. *See* Dkt. No. 15. That petition was severed from this case. *See*

Dkt. No. 16. And the new case was transferred to the Lufkin Division of the Eastern District of Texas because, as the district where he is presently confined, that court has jurisdiction over habeas petitions challenging disciplinary proceedings. *See Colbert v. Dir., TDCJ-CID*, No. 3:25-cv-1067-K-BN, Dkt. No. 5 (N.D. Tex. May 2, 2025).

Colbert then attempted to amend his petition again without seeking leave of court. *See* Dkt. No. 23. And the undersigned entered an order that Colbert's June 25, 2025 amended petition would be disregarded for failure to seek leave. *See* Dkt. No. 25. So the operative petition in this action remains the amended petition filed on April 22, 2025 [Dkt. No. 13].

Because that petition did not appear to be timely, the undersigned issued a questionnaire to Colbert to provide him with an opportunity to explain why his federal habeas action was not time-barred and what (if anything) prevented him from filing sooner. *See* Dkt. No. 17. And Colbert filed his responses. *See* Dkt. No. 28.

And the undersigned enters these findings of fact, conclusions of law, and recommendation that, under the circumstances here and for the reasons set out below, the Court should dismiss this federal habeas challenge with prejudice as time barred under Rule 4 of the Rules Governing Section 2254 Cases (Habeas Rule 4).

## Legal Standards

Habeas Rule 4 allows a district court to summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." *see also*

*Kiser v. Johnson*, 163 F.3d 326, 328 (5th Cir. 1999) ("This rule differentiates habeas cases from other civil cases with respect to *sua sponte* consideration of affirmative defenses. The district court has the power under [Habeas] Rule 4 to examine and dismiss frivolous habeas petitions prior to any answer or other pleading by the state. This power is rooted in "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." (citation omitted)).

While "the statute of limitations provision of the [Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA)] is an affirmative defense rather than jurisdictional," a district court may dismiss a time barred Section 2254 application *sua sponte* under Habeas Rule 4. *Kiser*, 163 F.3d at 329.

But, "'before acting on its own initiative' to dismiss an apparently untimely § 2254 petition as time barred, a district court 'must accord the parties fair notice and an opportunity to present their positions.'" *Wyatt v. Thaler*, 395 F. App'x 113, 114 (5th Cir. 2010) (per curiam) (cleaned up; quoting *Day v. McDonough*, 547 U.S. 198, 210 (2006)).

Under the circumstances here, the questionnaire provided notice and Petitioner has had an opportunity to respond. And these findings, conclusions, and recommendation also provide Petitioner fair notice, and the opportunity to file objections to them (further explained below) affords an additional chance to present to the Court his position as to the limitations concerns explained below. *See, e.g.*, *Ingram v. Dir., TDCJ-CID*, No. 6:12cv489, 2012 WL 3986857, at *1 (E.D. Tex. Sept.

10, 2012) (a magistrate judge's report and recommendation gives the parties "fair notice that the case may be dismissed as time-barred, which [gives a petitioner] the opportunity to file objections to show that the case should not be dismissed based on the statute of limitation" (collecting cases)).

AEDPA "introduced both 'simple logic' to the federal habeas landscape and uniform rules for federal courts to apply." *Wallace v. Mississippi*, 43 F.4th 482, 492 (5th Cir. 2022) (quoting *Smith v. Titus*, 141 S. Ct. 982, 987 (2021) (Sotomayor, J., dissenting from denial of cert.), then citing *Day*, 547 U.S. at 202 n.1).

"Namely, it implemented a host of greatly needed procedural requirements for petitioners seeking habeas relief." *Id.* (citing *Brown v. Davenport*, 142 S. Ct. 1510, 1524 (2022) ("In many ways, the statute represented a sea change in federal habeas law.")).

One such requirement is "the one-year period for an individual in custody pursuant to a state-court judgment to file a § 2254 petition for habeas relief" that "begins running from the latest of four events." *Id.* at 497 (citing 28 U.S.C. § 2244(d)):

> (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due

diligence.

28 U.S.C. § 2244(d)(1).

The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the limitations period. *See id.* § 2244(d)(2).

The one-year limitations period is also subject to equitable tolling – "a discretionary doctrine that turns on the facts and circumstances of a particular case," *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), and only applies in "rare and exceptional circumstances," *United States v. Riggs,* 314 F.3d 796, 799 (5th Cir. 2002) (citing *Davis v. Johnson,* 158 F.3d 806, 811 (5th Cir. 1998)).

"[A] litigant is entitled to equitable tolling of a statute of limitations only if the litigant establishes two elements: '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.'" *Menominee Indian Tribe of Wis. v. United States*, 577 U.S. 250, 255 (2016) (quoting *Holland v. Florida*, 560 U.S. 631, 649 (2010)).

"'The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence.' What a petitioner did both before and after the extraordinary circumstances that prevented him from timely filing may indicate whether he was diligent overall." *Jackson v. Davis*, 933 F.3d 408, 411 (5th Cir. 2019) (quoting *Holland*, 560 U.S. at 653; footnote omitted).

But "[a] petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *Hardy v. Quarterman*, 577 F.3d 596, 598 (5th Cir. 2009) (per curiam)

(citation omitted). So this "prong of the equitable tolling test is met only where the circumstances that caused a litigant's delay are both extraordinary *and* beyond [the litigant's] control." *Menominee Indian Tribe*, 577 U.S. at 257.

A showing of "actual innocence" can also overcome AEDPA's statute of limitations. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). But the actual innocence gateway is only available to a petitioner who presents "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 401 (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

That is, the petitioner's new, reliable evidence must be enough to persuade the Court that "'no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* at 386 (quoting *Schlup*, 513 U.S. at 329); *see also Johnson v. Hargett*, 978 F.2d 855, 859-60 (5th Cir. 1992) ("The Supreme Court has made clear that the term 'actual innocence' means *factual*, as opposed to *legal*, innocence – 'legal' innocence, of course, would arise whenever a constitutional violation by itself requires reversal, whereas 'actual' innocence, as the Court stated in *McCleskey [v. Zant*, 499 U.S. 467 (1991)], means that the person did not commit the crime." (footnotes omitted)); *Acker v. Davis*, 693 F. App'x 384, 392-93 (5th Cir 2017) (per curiam) ("Successful gateway claims of actual innocence are 'extremely rare,' and relief is available only in the 'extraordinary case' where there was 'manifest injustice.'" (quoting *Schlup*, 513 U.S. at 324, 327)).

### Analysis

The timeliness of most Section 2254 applications is determined under Subsection A, based on the date on which the judgment became final.

And a state criminal judgment becomes final under AEDPA "when there is no more 'availability of direct appeal to the state courts.'" *Frosch v. Thaler*, No. 2:12-cv-231, 2013 WL 271423, at *1 (N.D. Tex. Jan. 3, 2013) (quoting *Jimenez v. Quarterman*, 555 U.S. 113, 119 (2009)), *rec. adopted*, 2013 WL 271446 (N.D. Tex. Jan. 24, 2013).

Colbert pled guilty to theft of property, tampering with government records, security execution of documents by deception, money laundering, and murder and was sentenced to 25 years imprisonment. *See State v. Colbert*, Nos. F-16-489-W, F-16-75320-W, F-16-75321-W, F-16-75337-W, F-16-75411-W (363rd Dist. Ct., Dallas Cnty., Tex. Jan. 22, 2019). Colbert did not file a direct appeal, so his state criminal judgment became final for federal-limitations purposes on the thirtieth day after it was imposed (on January 22, 2019) that was not a Saturday, Sunday, or legal holiday – which was Thursday, February 21, 2019. *See* TEX. R. APP. P. 26.2(a)(1); TEX. R. APP. P. 4.1(a). So the deadline to file a federal habeas petition based on a limitations determination under Subsection A was Friday, February 21, 2020. *See id.*

And Colbert did not file a state habeas application attacking his convictions until May 2022. *See In re Colbert*, No. W-1675411-A (363rd Dist. Ct., Dallas Cnty. Tex.), *denied*, No. WR-93,907-1 (Tex. Crim. App. Oct. 26, 2022). So the pendency of the state habeas application did not toll the limitations period since the one-year period for seeking relief under Section 2254 expired more than two years before the

first state habeas application was filed.

In his response to the Court's questionnaire, Colbert lists twenty-four reasons why his Section 2254 petition is not time-barred and four reasons he did not file sooner – many of which are claims that his counsel was ineffective or that he was not aware of his appeal rights. *See generally* Dkt. No. 28. But a claim of ineffective assistance of counsel on appeal "does not toll the AEDPA's statute of limitations." *Molo v. Johnson*, 207 F.3d 773, 775 (5th Cir. 2000); *see also Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918 (2003) ("Additional support for the proposition that attorney error does not trigger equitable tolling is the longstanding rule that prisoners are not entitled to counsel during habeas proceedings and thus cannot state a claim for ineffective assistance during those proceedings.").

And "common problems of inmates who are trying to pursue postconviction habeas relief" do not alone – or even in the aggregate – justify equitable tolling. *Webster v. Stephens*, No. 4:13-cv-859-A, 2014 WL 201707, at *2 (N.D. Tex. Jan. 17, 2014) ("It is well settled ... that a petitioner's *pro se* status, indigence and lack of knowledge of the law, all common problems of inmates who are trying to pursue postconviction habeas relief, do not warrant equitable tolling of the limitations period." (citing *Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391 (5th Cir. 1999))); *see also Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011) (per curiam) ("The alleged extraordinary circumstances endured by Tate, such as ignorance of the law, lack of knowledge of filing deadlines, a claim of

actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." (citing *Felder*, 204 F.3d at 171-72; *Scott*, 227 F.3d at 263 & n.3)).

Colbert also attempts to use federal rules such as Federal Rule of Civil Procedure 60(b) to support his claim that the Court should grant him a new trial in state court. *See, e.g.*, Dkt. No. 28 at 16. But the Federal Rules of Civil Procedure apply only to federal civil judgments, not criminal judgments, particularly state criminal judgments. *Cf. United States v. Moore*, 671 Fed. App'x 349, 350 (5th Cir. 2016) ("[M]otions under the rules of civil procedure do not apply in criminal cases."); *United States v. O'Keefe*, 169 F.3d 281, 289 (5th Cir. 1999) (Federal Rules of Civil Procedure "apply to all suits of a civil nature," so Rule 60(b) "simply does not provide for relief from a judgment in a criminal case.").

Similarly, Colbert asserts that his petition is not time-barred because his state court application was not time-barred, but the AEDPA applies only to Section 2254 petitions filed in federal court, not to state court habeas applications.

Colbert also asserts that the AEDPA statute of limitations should be tolled because of COVID lockdowns and restrictions, but as set out above, the statute of limitations expired on February 21, 2020. And, although Colbert claims the COVID lockdowns started in January 2020, *see* Dkt. No. 28 at 43, significant COVID restrictions in the United States did not begin until March 2020. *See* www.cdc.gov/museum/timeline/covid19.html (last visited 12/10/25). But, even if COVID lockdowns at his prison started in January 2020, Colbert has not explained

how the lockdowns prevented him from timely filing his federal petition and has not shown that he exercised diligence prior to the lockdowns. *See Thames v. Dir., TDCJ-CID*, No. 4:21-cv-976, 2022 WL 19004344, at *2-3 (E.D. Tex. Sept. 15, 2022), *rec. adopted*, 2023 WL 2465780 (E.D. Tex. Mar. 9, 2023) (citing cases finding that the COVID pandemic and related lockdowns do not establish extraordinary circumstances for equitable tolling).

And to the extent that any of Colbert's arguments could be viewed as a claim of actual innocence, the only new evidence that he provides is that he received letters from the Conviction Integrity Unit of the Dallas District Attorney's Office in April 2020 relating to an investigation into Candace Schoppe in the Dallas County Medical Examiner's Office and in January 2025 relating to an investigation into Esteban Montenegro who questioned Colbert after he was arrested in California. *See, e.g.*, Dkt. No. 28 at 13. But Colbert does not provide any evidence of improprieties in his case, much less sufficient evidence to persuade the Court that "no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013).

The Court should therefore dismiss the Section 2254 petition with prejudice as time barred.

## Recommendation

Under Rule 4 of the Rules Governing Section 2254 Cases, the Court should dismiss Petitioner Christopher Brian Colbert's 28 U.S.C. § 2254 habeas application with prejudice as time barred. And the Court should direct that the Clerk of Court

serve any order accepting or adopting this recommendation on the Texas Attorney General.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: December 11, 2025

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE